CDF LABOR LAW LLP
   Brent M. Giddens, State Bar No. 133652
   bgiddens@cdflaborlaw.com
   Amy S. Williams, State Bar No. 228853
   awilliams@cdflaborlaw.com
   Brian E. Cole II, State Bar No. 305830
   bcole@cdflaborlaw.com
18300 Von Karman Avenue, Suite 800
Irvine, CA 92612
Telephone:  (949) 622-1661

Attorneys for Defendants
CALERES, INC., BG RETAIL, LLC
and KATHY MARTIN

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS PALENCIA CABA, | Case No. |
| Plaintiff, | (Removal from Sacramento County Superior Court, Case No. 34-2021-00301944) |
| vs. | |
| CALERES, INC., a New York corporation, BG RETAIL, LLC, a Delaware corporation, KATHY MARTIN, an individual, and DOES 1-10, | **DEFENDANT BG RETAIL, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441, and 1446** |
| Defendants. | [Filed concurrently with Civil Cover Sheet; Notice of Interested Parties; Corporate Disclosure Statement; Declaration of Amy Williams; Declaration of Michelle Dobbs; Notice of Joinder in Removal] |
| | Action Filed:  June 4, 2021 |

DEFENDANT'S NOTICE OF REMOVAL

1837338.1

TO THE CLERK OF THE UNITED STATES DISTRICT COURT OF THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Defendant BG RETAIL, LLC ("Defendant"), by and through its counsel of record, hereby removes this action from the Superior Court of the State of California for the County of Sacramento to the United States District Court for the Eastern District of California based on the original jurisdiction of this Court under 28 U.S.C. §§ 1332 and 1441(b) and 1446.  In support of this removal, Defendant states as follows:

## I. STATE COURT ACTION

1. On or about June 4, 2021, Plaintiff Luis Palencia Caba commenced this action by filing an unverified Complaint in the Superior Court of California, County of Sacramento, Case No. 34-2021-00301944, against Caleres, Inc, a New York Corporation, and Kathy Martin, an individual.  A true and correct copy of the Complaint is attached hereto as **Exhibit A**.  (*See* Declaration of Amy S. Williams filed concurrently herewith ("Williams Decl.") at ¶ 2.)

2. On or about September 9, 2021, Plaintiff filed an unverified First Amended Complaint ("FAC") adding Defendant BG Retail, LLC, a Delaware Corporation.  A true and correct copy of the FAC is attached hereto as **Exhibit B**.  (*See* Williams Decl., ¶ 3.)

3. The FAC asserts putative class claims against Defendants Caleres, Inc. and BG Retail, LLC for (1) failure to pay minimum wage; (2) failure to provide rest breaks and rest break penalties; (3) failure to provide accurate paystubs; and (4) waiting time penalties.  The FAC further asserts claims against Caleres, Inc. and BG Retail, LLC for (5) unfair competition and (6) violation of the Private Attorneys General Act (PAGA").  The FAC further asserts claims against Caleres, Inc., BG Retail, LLC and Defendant Martin for (7) harassment and failure to prevent harassment in violation of the Fair Employment and Housing Act ("FEHA"); (8)

violation of California Family Rights Act ("CFRA"); and (9) retaliation in violation of Labor Code § 1102.5. (*See generally,* Ex. B, Plt.'s FAC.)

4. Plaintiff served the FAC on Defendant BG Retail, LLC on October 1, 2021. (*See* Williams Decl., ¶ 4.) Defendant BG Retail, LLC timely filed this Notice of Removal within thirty days of the service of the Summons and FAC. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). Defendants Caleres, Inc. and Kathy Martin join in the Notice of Removal. (*See* Notice of Joinder filed concurrently herewith). On October 29, 2021, Defendants BG Retail, LLC, Caleres, Inc., Kathy Martin filed and served their Answer to Plaintiff's FAC in the State Court Action. A true and correct copy of Defendants' Answer is attached hereto as **Exhibit** C. (*See* Williams Decl., ¶ 5.)[1] The following is a short and plain statement of the grounds for removal:

## II. JURISDICTION

5. This Court has original jurisdiction over this Action under 28 U.S.C. sections 1332(a), 1441 and 1446 as this dispute is between citizens of different states and the amount in controversy is greater than $75,000, as set forth more fully below.

## III. SATISFACTION OF THE PROCEDURAL REQUIREMENTS OF U.S.C. § 1446

6. In accordance with 28 U.S.C. section 1446(a), this Notice is filed in the District Court of the United States in which the action is pending. The Superior Court of California, County of Sacramento is located within the Eastern District of California. Therefore, venue is proper in this Court pursuant to 28 U.S.C. section 84(a) because it is the "district and division embracing the place where such action is pending." 28 U.S.C. §1441(a). Further, Exhibits A-D attached hereto constitute a copy of all processes, pleadings, and orders served upon Defendant or that are part of

---

[1] Defendant BG Retail, LLC will submit to this Court a conformed copy of the Answer once the conformed version becomes available.

the record in the State Court Action.  (*See* Williams Decl., ¶¶ 2-6.)

7. As required by 28 U.S.C. § 1446(b), this Notice and Petition of Removal was filed within 30 days after Defendant was served with a copy of Plaintiff's FAC.

8. In accordance with 28 U.S.C. section 1446(d), a copy of this Notice is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Superior Court of California in the County of Sacramento and with the Clerk of the United States District Court for the Eastern District of California.  True and correct copies of the Notice to the Plaintiff and the state court shall be filed promptly.

## IV. REMOVAL IS PROPER BECAUSE THIS COURT HAS DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

9. Plaintiff's claims as alleged in the FAC are removable under 28 U.S.C. section 1332(a) (diversity of citizenship).  Diversity jurisdiction exists where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states.  *Id.*

### A. The Court Should Disregard The Citizenship Of Doe Defendants

10. The citizenship of fictitiously named "Doe" defendants is to be disregarded for the purposes of removal based on diversity jurisdiction under 28 U.S.C. §1441(a).  *See* 28 U.S.C. §1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); *see also, Fristoe v. Reynolds Metals, Co.*, 615 F. 2d 1209, 1213 (9th Cir. 1980) ("defendants sued as 'Does' need not be joined in a removal petition").

### B. The Parties Are Completely Diverse

11. Traditional diversity jurisdiction requires that all plaintiffs be of different citizenship than all defendants. *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

#### 1. Kathy Martin Is A Sham Defendant

12. A non-diverse party named in a state court action may be disregarded if

the non-diverse party's joinder is a "sham," or "fraudulent," such that no possible cause of action has been stated against that party. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). The term "fraudulent joinder" is a term of art; "it does not reflect on the integrity of plaintiff or counsel, but is merely the rubric applied when a court finds either that no cause of action is stated against the nondiverse defendant, or in fact no cause of action exists." *AIDS Counseling & Testing Ctrs. v. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990); *see also McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

13. Plaintiff purports to name Kathy Martin as an individual defendant as to three causes of action: (1) the seventh cause of action for harassment and failure to prevent harassment in violation of the California Fair Employment and Housing Act, Cal. Gov. Code § 12940 (j)(1) and (k); (2) the eighth cause of action for interference with rights under California Family Rights Act, Cal. Gov. Code § 12945.2; and (3) Ninth Cause of Action for retaliation for internal complaint of perceived illegal harassment, Cal. Lab. Code § 1102.5. Each of these claims fail as a matter of law.

### a. **As A Matter Of Law, There Is No Individual Liability For Plaintiff's Eighth And Ninth Causes of Action**

14. Plaintiff's eighth cause of action alleges interference with rights under California Family Rights Act, Cal. Gov. Code § 12945.2. However, it is well settled that individual supervisors may not be held liable under the CFRA. *See Grigg v. Griffith Co.,* 2013 WL 5754986, at *2 (E.D. Cal. Oct. 23, 2013) *citing Lewis v. Home Depot U.S.A., Inc.,* 2013 WL 843089, *3–*9 (N.D. Cal. Mar. 6, 2013) ("express language of the CFRA establishes that a supervisor cannot be held individually liable under the statute"); *Corrales v. United Rentals Inc.,* 2010 WL 2380875, *5–*7 (C.D. Cal. May 28, 2010); *McLaughlin v. Solano County,* 2008 WL 2977959, *6 (E.D. Cal. July 28, 2008); *Nazir v. United Airlines, Inc.,* 178 Cal.App.4th 243, 287 (2009).

15. Plaintiff's ninth cause of action alleges retaliation pursuant to Cal. Lab. Code § 1102.5. Section 1102.5 makes it unlawful for an "employer, or any person

acting on behalf of the employer" to retaliate against an employee for disclosing information pertaining to a violation of or noncompliance with a statute or regulation. *See* Cal. Lab. Code § 1102.5(b). "[T]he language of Cal. Lab. Code § 1102.5, while broader than that contained in [FEHA], has consistently been construed by district courts in the Ninth Circuit to preclude individual liability by a manager or other non-employer." *See Dias v. Burberry Ltd.*, 2021 WL 2349730, at *5 (S.D. Cal. June 9, 2021) *citing Gonzalez v. Trojan Battery Co.*, LLC, 2020 WL 2857487, at *2 (C.D. Cal. June 2, 2020); *see also CTC Glob. Corp. v. Huang*, No. SACV 17-02202 AG (KESx), 2018 WL 4849715, at *4 (C.D. Cal. Mar. 19, 2018) ("Like the relevant statutes in *Reno* and *Jones*, it appears the California legislature intended simply to extend an employer's liability, rather than to create a new category (supervisors) of potential defendants."); *United States ex rel. Lupo v. Quality Assurance Servs., Inc.*, 242 F. Supp. 3d 1020, 1030 (S.D. Cal. 2017) ("Based on *Reno* and *Jones*, the court concludes that if the California Supreme Court were ever to consider the issue, it would hold that there can be no individual liability under section 1102.5"); *Tillery v. Lollis*, 2015 WL 4873111, at *10 (E.D. Cal. Aug. 13, 2015) ("Absent any authority or legislative intent to the contrary, and consistent with the California Supreme Court's decisionmaking in this area, this court finds individuals are not susceptible to liability under section 1102.5.").

### b. As A Matter Of Law, There Is No Possible Harassment Claim Against Defendant Martin

16. Plaintiff's seventh cause of action alleges harassment and failure to prevent harassment in violation of the California Fair Employment and Housing Act, Cal. Gov. Code § 12940 (j)(1) and (k). To state a prima facie claim for harassment under FEHA, Plaintiff must allege all of the following: (1) he is a member of a protected class; (2) he was subjected to unwelcome harassment; (3) the harassment was based on his membership in the protected class; and (4) the harassment unreasonably interfered with his work performance by creating an intimidating,

CDF Labor Law LLP

1837338.1

hostile, or offensive work environment. *See Thompson v. City of Monrovia,* 186 Cal.App.4th 860, 876, 112 Cal.Rptr.3d 377 (2010) (discussing elements of a claim for race-based harassment). The fourth element requires Plaintiff to show that the non-diverse defendants' conduct "would have interfered with a reasonable employee's work performance and would have seriously affected the psychological well-being of a reasonable employee." *Id.* at 877. To be actionable as harassment, the conduct must be sufficiently severe or pervasive to alter the workplace. "[O]ccasional, isolated, sporadic, or trivial" conduct is insufficient; harassment must be of a "repeated, routine, or generalized nature." *Id.* quoting *Aguilar v. Avis Rent A Car Sys., Inc.,* 21 Cal.4th 121, 131 (1999) (internal quotation marks omitted).

17.   Here, the entirety of Plaintiff's allegations of harassment as to Defendant Martin are as follows:  (a) on one occasion Defendant Martin expressed displeasure that Human Resources had granted Plaintiff an accommodation to have a water bottle at the cash register (Ex. B, Plt.'s FAC, ¶ 35); (b) on one occasion Plaintiff requested to leave work to which Martin responded, "What do you think you can just come and go as you please now? I am not going to have that", and after "aggressively" demanding information about Plaintiff's medical condition, Defendant Martin granted Plaintiff's request (Ex. B, Plt.'s FAC, ¶¶ 37-38); (c) on one occasion Defendant Martin told Plaintiff that she did not like "the way he talked" (Ex. B, Plt.'s FAC, ¶ 39); and (d) Defendant Martin did not contact Plaintiff to return to work (Ex. B, Plt.'s FAC, ¶¶ 40-41).

18.   As a matter of law, these allegations do not rise to the level of harassment necessary to state a claim. *See Fisher v. San Pedro Peninsula Hosp.*, 214 Cal.App.3d 590, 609–10 (1989) ("that acts of harassment cannot be occasional, isolated, sporadic, or trivial, rather the plaintiff must show a concerted pattern of harassment of a repeated, routine or a generalized nature."); *see also Hurd v. Am. Income Life Ins.*, 2013 WL 5575073, at *4–5 (C.D. Cal. Oct. 10, 2013) (disregarding sham defendant because Plaintiff's allegations of harassment were insufficient as a

matter of law.  Plaintiff's only allegations of harassment are: "(1) when Plaintiff texted Defendant Latinsky that she needed leave, Defendant Latinsky responded that Plaintiff was not to text her, (2) Defendant Latinsky never once asked Plaintiff how she was doing, and (3) that Defendant Latinsky would call Plaintiff during dinner and demand to know the status of her medical leave and paperwork…[these] actions do not rise to the level of harassment as defined by the FEHA… do not fall within the realm of sufficiently pervasive harassment… [and] is not objectively abusive so as to create a hostile working environment… In short, the isolated incidents of purported harassment relied on by Plaintiff fail to suggest a workplace "permeated with [disability-based] intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the Plaintiff's employment and create an abusive working environment."); *see also Mokler v. City of Orange,* 157 Cal.App.4th 121, 141, 68 Cal.Rptr.3d 568 (2007) (holding three offensive encounters involving no physical threats over a five-week period not "severe or pervasive" as a matter of law); *McCoy v. Pacific Maritime Ass'n,* (2013) 216 Cal.App.4th 283, 293-294 (2013) (Plaintiff's coworker made inappropriate and offensive comments in plaintiff's presence on fewer than 10 occasions over a four-month period, including yelling at plaintiff and calling her stupid in front of other employees, making derogatory comments about female employees' buttocks, speculating about who a female employee was having a sexual relationship with, and making crude gestures toward an employee when her back was turned. Under the FEHA, these allegations were insufficient to make out a hostile work environment claim based on sexual harassment. None of the comments was directed at plaintiff and, although "crude and offensive," the comments were not so severe or pervasive as to alter plaintiff's conditions of employment.); *Serri v. Santa Clara Univ.,* 226 Cal.App.4th 830, 871 (2014) (Puerto Rican employee produced evidence that employer "made and approved disparaging ethnic remarks about moving (employee's) office next to a taqueria, criticized her dress as looking like a poncho and criticized her hair as too

curly." These comments were not the type of statements that would have interfered with a reasonable employee's work performance and were not so pervasive as to support a claim for harassment.); *Thompson v. City of Monrovia*, 186 Cal.App.4th 860, 877 (2010) ("Harassment, which may be verbal, physical, or visual and communicates an offensive message to the harassed employee cannot be occasional, isolated, sporadic, or trivial; rather the plaintiff must show a concerted pattern of harassment of a repeated, routine or a generalized nature.")

19. Additionally, "FEHA does not provide for individual liability for supervisors for failure to prevent…harassment, because only the employer owes a duty to the employee not the supervisor." *Goens v. Adams & Assocs., Inc.*, 2017 WL 3167809, at *5 (E.D. Cal. July 26, 2017)

## C. Complete Diversity Exists Between The Remaining Parties

20. For diversity purposes, an individual is a "citizen" of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). An individual's domicile is the place he resides with the intention to remain or to which he intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

21. The FAC alleges that "Plaintiff Luis Palencia Caba has at all relevant times been and remains now a resident of Carmichael, California." (Ex. B, Plt.'s FAC, ¶ 8.) Accordingly, Plaintiff is a citizen of the State of California for purposes of this removal.

22. Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of every State … by which it has been incorporated and of the State … where it has its principal place of business." The United States Supreme Court established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). The Supreme Court concluded that the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate

CDF Labor Law LLP

1837338.1

the corporation's activities." *Id.* at 78.  The Court further clarified that the principal place of business is the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination." *Id.*

23. The FAC alleges that "Defendant Caleres is a corporation listed on the New York Stock Exchange and headquartered in Clayton, Missouri.  Caleres was originally organized under the laws of the State of New York." (Ex. B, Plt.'s FAC, ¶ 9.) Indeed, both now and at the time that this action commenced, Caleres, Inc. was and is incorporated in the State of New York and its principal place of business was, and still is, located in the State of Missouri where Caleres, Inc.'s business operations are directed, controlled, and coordinated. (*See* Declaration of Michelle Dobbs filed concurrently herewith ("Dobbs Decl.") at ¶ 3.)  Therefore, at all material times, Caleres, Inc. has been a citizen of the State of New York and the State of Missouri, and not of the State of California, as it is neither incorporated in California nor does it maintain its principal place of business in California.

24. The FAC further alleges that "Defendant BG Retail, LLC, is a Delaware corporation headquartered in Clayton, Missouri." (Ex. B, Plt.'s FAC, ¶ 10.)  BG Retail, LLC is a sole member limited liability company registered in the State of Delaware. (*See* Dobbs Decl., ¶ 4.)  Caleres, Inc., both now and at the time this action was commenced, has been BG Retail, LLC's sole member.  (*See* Dobbs Decl., ¶ 4.)  As discussed directly above, at all material times, Caleres, Inc. has been a citizen of the State of New York and the State of Missouri, and not of the State of California, as it is neither incorporated in California nor does it maintain its principal place of business in California.

25. Courts treat limited liability companies the same as partnerships for diversity jurisdiction purposes, and therefore look to the citizenship of each member of the company. *See Cosgrove v. Bartolotta*, 150 F3d 729, 731 (7th Cir. 1998) ("[T]he citizenship of an LLC for purposes of the diversity jurisdiction is the

citizenship of its members."); *GMAC Comm'l Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F3d 827, 829 (8th Cir. 2004); *Johnson v. Columbia Properties Anchorage, LP*, 437 F3d 894, 899 (9th Cir. 2006). Moreover, if any member of an LLC is itself a partnership or association (or another LLC), the federal court must know the citizenship of each "submember" as well. *See V & M Star, LP v. Centimark Corp.*, 596 F3d 354, 356 (6th Cir. 2010); *Brewer v. SmithKline Beacham Corp.*, 774 F.Supp.2d 720, 729 (ED PA 2011) (if LLC member is a corporation, nerve center test must be applied to corporate member). Therefore, at all material times, BG Retail, LLC has been a citizen of the State of New York and the State of Missouri for the purposes of diversity jurisdiction, given that Caleres, Inc., both now and at the time this action was commenced, has been BG Retail, LLC's sole member.

26. The citizenship of fictitiously named "Doe" defendants is to be disregarded for the purposes of removal based on diversity jurisdiction. 28 U.S.C. §1441(a).

27. Accordingly, complete diversity exists pursuant to 28 U.S.C. §§1332(a).

## V. THE JURISDICTIONAL MINIMUM IS SATISFIED

28. The allegations of the FAC demonstrate that the amount-in-controversy exceeds $75,000, as required by 28 U.S.C. section 1332(a). Where, as here, the FAC does not specify a particular amount of damages, the removing defendant need only establish the amount in controversy by a preponderance of evidence, *i.e.*, that it is more likely than not that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).[2] A

---

[2] An evidentiary showing is needed only if the amount in controversy alleged in the removal notice is challenged. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "A removing defendant … need only allege facts sufficient to establish a party's citizenship in its notice of removal; it need not adduce evidence supporting those facts." *Zeppeiro v. Green Tree Servicing, LLC*, 2014 WL 12596312, at *6 (C.D. Cal. June 16, 2014); *see also Ellenburg v. Spartan Motors Chassis, Inc.*, 519

defendant may show the amount in controversy "by setting forth the *facts* in controversy ... that support a finding of the requisite amount." *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees where recoverable by statute. *See Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Anthony v. Security Pac. Fin'l Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996).

29. Plaintiff's FAC alleges causes of action for: (1) failure to pay minimum wage; (2) failure to provide rest breaks and rest break penalties; (3) failure to provide accurate paystubs; (4) waiting time penalties; (5) unfair competition; (6) violation of the Private Attorneys General Act (PAGA"); (7) harassment and failure to prevent harassment in violation of the Fair Employment and Housing Act ("FEHA"); (8) violation of California Family Rights Act ("CFRA"); and (9) retaliation in violation of Labor Code § 1102.5. The allegations in the FAC evidence that the damages amount Plaintiff reasonably anticipates receiving at trial if he prevails in this action is well in excess of $75,000. (*See generally,* Ex. B, Plt.'s FAC.)

30. With regard to Plaintiff's claim for Harassment and Failure to Prevent Harassment, Plaintiff seeks damages, "including but not limited to loss of income and wages and additional emotional distress and anxiety." (Ex. B, Plt.'s FAC, ¶ 82.) With regard to Plaintiff's claim for Interference with California Family Rights Act, Plaintiff seeks damages "deriving from, among other things, emotional distress as well as loss of income." (Ex. B, Plt.'s FAC, ¶ 86.) With regard to Plaintiff's claim for Retaliation, Plaintiff seeks damages "deriving from, among other things, emotion

---

F.3d 192, 200 (4th Cir. 2008) (A notice of removal is sufficient "if it alleges that the parties are of diverse citizenship and that the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 USC § 1332. …").

DEFENDANT'S NOTICE OF REMOVAL

CDF Labor Law LLP

1837338.1

distress as well as loss of income." (Ex. B, Plt.'s FAC, ¶ 91.) It is "more likely than not" that, if Plaintiff prevails on any one of these claims, and recovers the damages that he seeks for the claim, Plaintiff will recover more than $75,000.[3] *See Sanchez*, 102 F.3d at 403-404.

**Lost Wages**

31. Plaintiff alleges in the FAC that he worked for Defendants Caleres, Inc. and BG Retail, LLC between 33 and 40 hours each week from April 2, 2018 through April 3, 2020 and was paid a base hourly wage of $20.80. (Ex. B, Plt.'s FAC, ¶¶ 8, 19.) Assuming that Plaintiff would have continued working, lost wages to date would be at least $54,912 (approximately 80 weeks x 33 hours/week x $20.80/hour). Because this case is still in the very early pleading stage, it will not be ready for trial for at least another year, at which point Plaintiff's lost income claim will have increased by an additional $35,692.80 (52 weeks x 33 hours/week x $20.80/hour). Thus, the lost wage claim alone will be at least **$90,604.80** without taking into consideration any interest. *See Walker v. Aetna Health & Life Ins. Co.*, 2021 WL 2661449, at *8 (E.D. Cal. June 29, 2021) ("Defendants are correct that the amount in controversy calculation properly includes lost wages through trial, since a "potential defense does not reduce the amount in controversy for purposes of establishing federal jurisdiction.")

**Emotional Distress**

32. Further, a plaintiff's estimated damages for lost wages, emotional distress, and mental pain and anguish may be aggregated to meet the amount in controversy threshold. *See McGowan v. Dollar Tree, Inc.*, 2017 U.S. Dist. LEXIS 79865, at *5 (C.D. Cal. May 24, 2017).

---

[3] By estimating the amount Plaintiff may recover if he prevails, Defendants do not concede that Plaintiff will prevail on any of his claims or that, if he prevails, he is entitled to damages in any particular amount or at all. Defendants reserve the full right to dispute Plaintiff's claims with respect to both liability and damages.

33. When considering emotional distress damages for the amount in controversy analysis, courts look to "damages awarded in similar cases in the geographic area." *Amado v. U.S. Bancorp*, 2015 U.S. Dist. LEXIS 128730, at *5 (C.D. Cal. Sept. 24, 2015). Courts throughout the Ninth Circuit have regularly held that emotional distress damages in employment cases can be substantial, often exceeding $75,000. *See McCarthy v. R.J. Reynolds Tobacco Co.*, 2011 WL 4006634, at *6 (E.D. Cal. Sept. 8, 2011) (jury awarded two plaintiffs $150,000 each in compensatory damages and $250,000 in punitive damages in connection with their harassment and retaliation claims, awards subsequently reduced by trial court to $100,000 each in compensatory damages and $200,000 each in punitive damages); *Sornia v. El Centro Elementary School District*, 285 Fed.Appx. 337 (9th Cir. 2008), (affirming award of $400,000 in emotional distress damages and $32,500 in punitive damages in employment action alleging harassment); *Bradley v. Department of Corrections & Rehabilitation*, 158 Cal. App. 4th 1612, 1618 (2008) (affirming award of $300,000 in non-economic damages to single plaintiff for harassment claim); *Greta L. Anderson v. American Airlines Inc.*, No. 3:05-cv-04292-SI, 2008 Jury Verdicts LEXIS 35822 (N.D. Cal. July 17, 2008) ($1,000,000 non-economic damages award to plaintiff alleging disability discrimination and retaliation under the FEHA and wrongful termination in violation of public policy); *see also Hurd v. Am. Income Life Ins.*, 2013 U.S. Dist. LEXIS 147849, at *17 (C.D. Cal. Oct. 10, 2013) (finding that punitive damages and emotional distress damages in employment cases can be "substantial even when lost wages fall short of the jurisdictional minimum").

**Punitive Damages**

34. Plaintiff also seeks punitive damages. (*See* Ex. B, Plt.'s FAC, Prayer for Relief, ¶ 6.) It is "well established that punitive damages are part of the amount in controversy for a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). District courts have held that punitive damages in employment cases can

regularly exceed $20,000 and "may alone satisfy the amount in controversy." *Castle v. Lab. Corp. of Am.*, 2017 U.S. Dist. LEXIS 73701, at *14-15 (*citing Ko v. Square Group, LLC*, Case No. BC 487739 (Sup. Ct. Cal. June 16, 2014) (discrimination case; punitive damages $500,000); *Stevens v. Von Companies, Inc.*, Case No. SC041162, 2006 WL 4543812 (Sup. Ct. Cal. Oct. 1, 2006) (discrimination case; punitive damages $475,000).

**Attorneys' Fees**

35. Plaintiff also seeks attorneys' fees and costs per statute. (*See* Ex. B, Plt.'s FAC, Prayer for Relief, ¶ 11.) *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) (holding that claims for statutory attorneys' fees must be included in the amount in controversy, even if such an award is discretionary); *see also Gaines v. Costco Wholesale Corp.*, 2021 WL 3077463, at *2 (E.D. Cal. July 21, 2021) ("even in instances where fees do not exceed damages, case law shows that attorneys' fees regularly exceed $100,000 in discrimination cases under California law.")

36. The evidence demonstrates that Plaintiff's potential recovery will exceed the jurisdictional minimum of $75,000. Other courts have found the jurisdictional amount satisfied in employment lawsuits where the specified damages were less than the damages Plaintiff seeks here. *See Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1031 (N.D. Cal. July 2, 2002) (jurisdictional minimum was satisfied in an employment discrimination case where plaintiff's lost wages totaled $25,600, but plaintiff, also sought unspecified amounts in attorney's fees, punitive damages, and emotional distress damages); *White v. FCI USA, Inc.*, 319 F.3d 672, 675-76 (5th Cir. 2003) (jurisdictional minimum was satisfied in a wrongful termination case even though Plaintiff had only specified $13,000 in damages from lost income because plaintiff also sought unspecified amounts for loss of pay, impaired earning capacity, pre-judgment interest, court costs, and emotional distress, attorneys' fees and punitive damages); *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir.

1996) (former $50,000 jurisdictional minimum was met where the plaintiff sought approximately $30,000 for violation of contract, as well as additional tort damages and punitive damages). Accordingly, it is "more likely than not" that the amount at issue in this lawsuit exceeds the minimum amount required for diversity jurisdiction. *See Sanchez*, 102 F.3d at 403-404.

## VI. ALL NAMED DEFENDANTS WHO HAVE BEEN SERVED CONSENT TO REMOVAL

37.  Defendants Caleres, Inc. and Kathy Martin (although a sham defendant) have consented to removal. (*See* Notice of Joinder filed concurrently herewith).

## VII. CONCLUSION

38.  Based on the foregoing, this Court has jurisdiction on grounds of diversity of citizenship pursuant to U.S.C. sections 1332(a) and 1441(a). Thus, removal to federal court is proper.

39.  In the event this Court has a question regarding the propriety of this Notice of Removal, BG Retail, LLC requests that the Court issue an Order to Show Cause so that BG Retail, LLC may have the opportunity to more fully brief the basis for this removal, and/or order Plaintiff to file a statement of damages.

WHEREFORE, Defendant BG Retail, LLC removes this action to this Court.

Dated:  October 29, 2021        CDF LABOR LAW LLP


By: /s/ *Brent M. Giddens*
Brent M. Giddens
Attorneys for Defendants
CALERES, INC., BG RETAIL, LLC
and KATHY MARTIN

16

DEFENDANT'S NOTICE OF REMOVAL

CDF Labor Law LLP

1837338.1