UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Luis Palencia Caba,<br><br>    Plaintiff,<br><br>    v.<br><br>Caleres, Inc., a New York corporation, et al.,<br><br>    Defendants. | No. 2:21-cv-02012-KJM-AC<br><br>ORDER |

Plaintiff Luis Palencia Caba brings this employment action against defendants Caleres, Inc., BG Retail, LLC, and Kathy Martin. Defendants removed this action on diversity grounds, arguing Palencia Caba fraudulently joined Martin and her citizenship therefore should be disregarded. Palencia Caba disagrees and now moves to remand. The court **grants the motion to remand**.

**I.    BACKGROUND**

In March 2019, Luis Palencia Caba was diagnosed with a chronic migraine condition, which "caus[ed] him debilitating pain." First Am. Compl. (FAC) ¶ 33, Not. of Removal Ex. B, ECF No. 1-2. Palencia Caba realized dehydration was one of the triggers for his migraines. *Id.* At the time, he was an associate store manager at a Famous Footwear. *Id.* ¶ 20. The store was owned by BG Retail, LLC, whose sole member is Caleres, Inc. Corporate Disclosure, ECF No. 4; FAC ¶¶ 9–10.

1

Defendants "maintained a policy forbidding its retail employees from carrying or having a water bottle or drinking water while they worked on the sales floor or at the cash register." FAC ¶ 34. Palencia Caba contacted Human Resources to request an accommodation so he could keep his water bottle with him. *Id.* Human Resources approved the request. *Id.* Palencia Caba alleges that when his District Manager, Kathy Martin, learned of his accommodation "she made remarks to [him] suggesting she was displeased" he had the accommodation. *Id.* ¶¶ 11, 35.

Eventually Palencia Caba returned to Human Resources and inquired about using his "family leave intermittently" to mitigate his migraines. *Id.* ¶ 36. Again, Human Resources approved the request. *Id.* On August 31, 2019, Palencia Caba informed Martin "he was not feeling well and needed to go home." *Id.* ¶ 37. Martin objected. *Id.* And "[w]hen [Palencia Caba] informed Defendant Martin that he had already been approved by Defendants for intermittent leave based on his medical condition, Defendant Martin responded: 'What, do you think you can just come and go as you please now? I am not going to have that.'" *Id.* ¶ 38. Martin proceeded to "aggressively" question Palencia Caba about his condition, flare ups, and their effects on him. *Id.* Only after Palencia Caba provided Martin with this additional information did she allow him to leave. *Id.*

Palencia Caba reported this incident to Human Resources. *Id.* ¶ 39. He also disclosed that Martin had previously told him "she did not like 'the way he talked.'" *Id.* Palencia Caba believed this remark "reflected either her negative view of his slightly Spanish-accented English or a negative view of his occasionally 'camp' and vivacious communication style, most stereotypically associated with same-sex orientation." *Id.* Palencia Caba was able to take intermittent leave between September 2019 and April 3, 2020. *Id.* ¶ 40.

"Caleres and/or BG Retail" terminated many employees during the initial months of the COVID-19 pandemic. *Id.* Palencia Caba was terminated on April 3, 2020. *Id.* But he alleges beginning in June 2020 defendants "contacted the great majority if not all of its former retail employees . . . invit[ing] them to re-apply to their former jobs." *Id.* Palencia Caba is aware that Martin contacted other "Assistant Store Managers and encouraged them to return to work" without requiring them to re-apply. *Id.* Martin, however, never contacted him. *Id.*

2

1    Palencia Caba filed this action in Sacramento County Superior Court against Caleres and
2    Kathy Martin. *See generally* Compl., Not. of Removal Ex. A, ECF No. 1-1. Palencia Caba filed
3    a first amended complaint adding defendant BG Retail, LLC. *See generally* FAC.

4    The first amended complaint asserts putative class claims against Caleres, Inc. and BG
5    Retail, LLC for (1) failure to pay minimum wage, (2) failure to provide rest breaks and rest break
6    penalties, (3) failure to provide accurate paystubs, (4) waiting time penalties, (5) unfair
7    competition, and (6) violation of the Private Attorneys General Act. *See generally id.* It further
8    asserts claims against Caleres, Inc., BG Retail, LLC and Martin for (7) harassment and failure to
9    prevent harassment, (8) violation of California Family Rights Act, and (9) retaliation under
10   California Labor Code section 1102.5. *See generally id.*

11   Defendants removed, invoking this court's diversity jurisdiction. Not. of Removal at 4,
12   ECF No. 1. Palencia Caba and Martin are residents of California. FAC ¶¶ 8, 11. Caleres and BG
13   Retail are headquartered in Missouri. *Id.* ¶¶ 9–10.

14   Palencia Caba moves for remand. Mot., ECF No. 12. The motion is fully briefed. Opp'n,
15   ECF No. 17; Reply, ECF No. 19. The court submitted the motion on the papers. Min. Order,
16   ECF No. 18.

## II.    LEGAL STANDARD

When a federal district court would have had original jurisdiction over an action originally filed in state court, the action may be removed to federal court. 28 U.S.C. § 1441(a). The removal statute is strictly construed, and doubts regarding the court's jurisdiction are resolved in favor of remand. *See Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). Removal is proper only when (1) the case presents a federal question or (2) there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a).

Diversity jurisdiction requires complete diversity, meaning each plaintiff has different citizenship than each defendant. *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). "In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse

defendant who has been fraudulently joined." *Id.* (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)). "There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (citation and marks omitted).

The court may find fraudulent joinder only if, "after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Nasrawi v. Buck Consultants, LLC*, 713 F. Supp. 2d 1080, 1084 (E.D. Cal. 2010) (citing *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989)). "But 'if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court.'" *Grancare*, 889 F.3d at 548 (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)). The "plaintiff need only have one potentially valid claim against a non-diverse defendant to survive a fraudulent joinder challenge." *Nasrawi*, 713 F. Supp. 2d at 1084–85 (citation and marks omitted).

"Fraudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (citation and marks omitted). The removing defendant "bears a heavy burden" in attempting to show removal is proper given the "general presumption against fraudulent joinder." *Hunter*, 582 F.3d at 1044.

### III.   ANALYSIS

The parties do not dispute that the amount in controversy is met for purposes of federal jurisdiction, and that Palencia Caba is completely diverse from the defendants other than Martin. The court therefore looks to Palencia Caba's claims against Martin to determine if "there is a *possibility* that a state court would find that [they are] adequately alleged." *Vazquez v. Costco Wholesale Corp.*, No. 21-2563, 2021 WL 1784342, at *3 (C.D. Cal. May 5, 2021) (citation omitted) (emphasis in original).

The court focuses solely on the harassment claim because Palencia Caba need only have one valid claim to defeat fraudulent joinder and the court finds he does have a possible

4

harassment claim. "To establish a prima facie case of harassment, [plaintiff] must show that (1) she is a member of a protected class; (2) she was subjected to unwelcome harassment; (3) the harassment was based on her protected status; (4) the harassment unreasonably interfered with her work performance by creating an intimidating, hostile, or offensive work environment; and (5) defendants are liable for the harassment." *Galvan v. Dameron Hosp. Assn.*, 37 Cal. App. 5th 549, 563 (2019). To be actionable, the harassment "must be sufficiently severe or pervasive 'to alter the conditions of the victim's employment and create an abusive working environment.'" *Vazquez*, 2021 WL 1784342, at *3 (quoting *Aguilar v. Avis Rent A Car Sys., Inc.*, 21 Cal. 4th 121, 130 (1999)).

        The defendants' arguments essentially boil down to the contention that Palencia Caba has not alleged sufficient facts to establish a claim for harassment against Martin based on any protected category. They argue plaintiff only alleges a single incident of allegedly harassing conduct with regard to national origin and sexual orientation, and only once did Martin comment on his speech. Opp'n at 9; *see* FAC ¶ 39. They say Martin's other alleged actions amount to "quintessential management duties." Opp'n at 8.

        It is true that generally a plaintiff pursuing a harassment claim must show more than "occasional" or "isolated" incidents. *Fowler v. Fever Labs Inc.*, No. 20-10369, 2021 WL 183318, at *2 (C.D. Cal. Jan. 15, 2021). Rather, he must demonstrate "a concerted pattern of harassment of a repeated, routine or a generalized nature. . . ." *Id.* (citation and marks omitted). But "[a] single incident of harassing conduct is sufficient to create a triable issue regarding the existence of a hostile work environment if the harassing conduct has unreasonably interfered with the plaintiff's work performance or created an intimidating, hostile, or offensive working environment." Cal. Gov't Code § 12923(b). Thus, it is possible for a state court to find a valid harassment claim exists, even if there were only a handful of incidents. Here, Palencia Caba pleads more than one incident prior to his termination, in addition to his not receiving an offer to return; these allegations appear sufficient to state a harassment claim.

        Similarly, common management duties "such as hiring and firing, . . . office or work station assignments, . . . [and] deciding who will be laid off" generally "do not come within the

meaning of harassment. . . ." *Reno v. Baird*, 18 Cal. 4th 640, 647 (1998).  "However, 'some official employment actions done in furtherance of a supervisor's managerial role can also have a secondary effect of communicating a hostile message, . . . . when the actions establish a widespread pattern of bias.'"  *Davis v. Phillips 66*, No. 17-128, 2017 WL 6558697, at *8 (N.D. Cal. Dec. 22, 2017) (quoting *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 705–709 (2009), *as modified* (Feb. 10, 2010)).  So it is possible for a court to find a manager's performance of her essential duties contributes to an actionable harassment claim.

Even if defendant raises a serious question regarding whether Palencia Caba's harassment claim, as presently alleged, could survive a motion to dismiss, the fact that a claim may fail on a motion to dismiss does not necessarily mean that defendant was fraudulently joined.  *Grancare*, 889 F.3d at 549.  Presently the court need only find a mere "glimmer of hope that plaintiff can establish [a] claim" to find in favor of remand.  *Gonzalez v. J.S. Paluch Co.*, No. 12-8696, 2013 WL 100210, at *4 (C.D. Cal. Jan. 7, 2013) (citation and marks omitted).  Such a glimmer exists if "a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend."  *Grancare*, 889 F.3d at 550.  Any shortcomings in the factual allegations of Palencia Caba's claim against Martin might be cured by amendment.

The court finds Palencia Caba has sufficiently stated a claim of harassment, and therefore Martin is not fraudulently joined.

**IV.   CONCLUSION**

**The court grants the motion to remand (ECF No. 12) and remands** the case to Sacramento County Superior Court.  All previously set deadlines and hearings are **vacated.**

The Clerk of Court is directed to **close the case.**

IT IS SO ORDERED.

DATED:  April 15, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE